UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

AMADOU CAMARA,

Petitioner,

v.

JULIO HERNANDEZ, et al.,

Respondents.

CASE NO. C26-3627JLR

ORDER

## I. INTRODUCTION

Before the court is Petitioner Amadou Camara's petition for a writ of habeas corpus under 28 U.S.C. § 2241. (Pet. (Dkt. # 1); Traverse (Dkt. # 8).) The Government[1] opposes the petition. (Return (Dkt. # 5).) The court has considered the parties'

[1] The Federal Respondents are Immigration and Customs Enforcement and Removal Operations ("ERO") Seattle Field Office Director Julio Hernandez, United States Department of Homeland Security ("DHS") Secretary Markwayne Mullin, United States Attorney General Todd Blanche, and DHS (together, the "Government").

submissions, the record, and the governing law. Being fully advised, the court GRANTS the petition.

## II. BACKGROUND

Petitioner is a native and citizen of Mauritania who entered the United States without inspection or parole at San Ysidro, California. (Pet. at 5-6 (*see* Clark Decl. (Dkt. # 7) ¶ 2, Ex. 2 (NTA) at 1); *see also* Hubbard Decl. (Dkt. # 6) ¶ 3.) U.S. Customs and Border Patrol ("CBP") encountered Petitioner on January 19, 2024, in San Diego, California, and placed him in immigration custody for processing. (Hubbard Decl. ¶ 4.) Two days later, CBP issued Petitioner a Notice to Appear charging him as removable under 8 U.S.C. § 1182(a)(6)(a)(i) and scheduled him to appear in removal proceedings. (*Id.* ¶ 5.) That same day, the Government released Petitioner on an Order of Release on Recognizance ("OREC"). (*Id.* ¶ 6; Clark Decl. ¶ 2, Ex. 3 (OREC).) On June 10, 2024, the Government received Petitioner's application for relief to be considered by an immigration judge ("IJ") as part of his ongoing removal proceedings. (Hubbard Decl. ¶ 7.)

On August 14, 2026, the Multnomah County Sheriff's Office in Portland, Oregon, arrested Petitioner for commercial sexual solicitation and unlawful prostitution procurement activity. (*Id.* ¶ 8; *see also* Clark Decl. ¶ 2, Ex. 3-4 (Criminal Charge).) The criminal case remains pending, and Petitioner presents evidence showing that these charges are diversion-eligible. (Pet. at 3; *see also* Traverse, Ex. E (10/14/26 Ltr.) (predicting that "the case will resolve in a stipulated order of continuance and then dismissal after approximately 6 months").) On September 8, 2026, during a routine

check-in at ERO Portland, the Government determined that Petitioner's August 14, 2026 arrest violated the terms of his OREC. (Hubbard Decl. ¶ 9.) ERO summarily canceled Petitioner's OREC, issued a warrant for his arrest, and placed him back in federal immigration custody. (*Id.*; *see also* Clark Decl. ¶ 2, Ex. 5 (Warrant); *id.*, Ex. 6 (9/8/26 Notice).) The Government transferred Petitioner to the Northwest ICE Processing Center, where he has since remained. (*Id.* ¶ 10.)

On September 25, 2026, Petitioner filed the instant petition asserting that his re-detention without notice and a pre-deprivation hearing violates his due process rights. (Pet.) On October 5, 2026, Petition appeared before an IJ in his removal proceedings, which were continued at Petitioner's request. (Hubbard Decl. ¶ 11.) The petition is fully briefed and ripe for the court's consideration.

## III. ANALYSIS

Habeas petitioners must prove by a preponderance of the evidence that they are "in custody in violation of the Constitution or laws or treaties of the United States." 8 U.S.C. § 2241(c); *Davis v. Woodford*, 384 F.3d 628, 638 (9th Cir. 2004). The Due Process Clause of the Fifth Amendment to the United States Constitution prohibits the federal government from depriving any person of "life, liberty, or property, without due process of law[.]" U.S. Const. amend. V. The right to due process extends to "all 'persons' within the United States, including [noncitizens], whether their presence here is lawful, unlawful, temporary, or permanent." *Zadvydas v. Davis*, 533 U.S. 678, 693 (2001). Thus, even when the Government believes it has a lawful basis for detaining a noncitizen, it remains subject to the requirement to effectuate that detention in a manner

that comports with due process. *See E.A. T.-B. v. Wamsley*, 795 F. Supp. 3d 1316, 1320 (W.D. Wash. 2025) ("Procedural due process imposes constraints on governmental decisions which deprive individuals of 'liberty' or 'property' interests within the meaning of the Due Process Clause of the Fifth or Fourteenth Amendment.") (quoting *Mathews v. Eldridge*, 424 U.S. 319, 332 (1976)). "The fundamental requirement of due process is the opportunity to be heard 'at a meaningful time and in a meaningful manner.'" *Mathews*, 424 U.S. at 333 (quoting *Armstrong v. Manzo*, 380 U.S. 545, 552 (1965)).

**A. Petitioner is not Detained Under 8 U.S.C. § 1225(b).**

As a preliminary matter, the Government asserts that Petitioner's detention is mandatory under 8 U.S.C. § 1225(b) pending removal proceedings. (*See* Return at 1.) The record, however, shows that the Government has not considered Petitioner to be detained under § 1225(b) since at least January 21, 2024, when it released him on an OREC. (Hubbard Decl. ¶ 5 (stating that Petitioner was released from federal custody on an OREC after the Government enrolled him in removal proceedings).) In holding that Petitioner is not detained under § 1225(b), the court adopts the Honorable Judge Tana Lin's reasoning in *Rana v. Bondi*, No. C26-0244TL, 2026 WL 472800, at *1 (W.D. Wash. Feb. 19, 2026), a case that is materially similar to the case at bar.

In *Rana*, the Government arrested the petitioner after he entered the United States without inspection and subsequently released him on an OREC. *Rana*, 2026 WL 472800, at *1. The Government later re-detained him without notice or a pre-deprivation hearing. *Id.* In granting the petitioner's petition for writ of habeas corpus, Judge Lin concluded

that (1) the petitioner was not detained under § 1225 and (2) the Government violated the petitioner's due process rights because it did not comply with the law or regulations governing revocation of an OREC. *Id.* *3-5. In reaching this conclusion, Judge Lin, in pertinent part, credited evidence showing that the Government considered the petitioner detained under 8 U.S.C. § 1226. *Id.* at 3 (stating that the Notice of Custody Determination and OREC referred to § 1226). When a petitioner is detained pursuant to § 1225, the only statutory exception to such detention is parole under 8 U.S.C. § 1182(d)(5)(A). *Id.* Thus, the *Rana* court reasoned that "if Petitioner was truly subject to mandatory detention under § 1225, [the Government] could never release him under § 1226." *Id.*

The facts of the instant case closely parallel those of *Rana*. The Government previously released Petitioner on an OREC and later re-detained him without notice or a pre-deprivation hearing. (*See generally* Return.) Although the Government alleges that it revoked Petitioner's OREC because his arrest violates its terms, the Government has adduced no evidence by which this court can determine that Petitioner's pending charges alter the operative statutory mechanics. (*See generally id.*) To the contrary, the record demonstrates that the Government chose to release Petitioner on an OREC rather than granting humanitarian parole, and the OREC explicitly dictates that his release was executed "[i]n accordance with" 8 U.S.C. § 1226. (*See generally* OREC). The Government does not address these inconsistences. (*See generally* Return.) Accordingly, the court finds Petitioner's representations to be credible and concludes that Petitioner is not detained under § 1225(b).

**B. Petitioner's Re-Detention Violates His Due Process Rights.**

Next, as to Petitioner's due process rights, the Government's conduct is deficient in several ways. Because Petitioner challenges an administrative action depriving him of his liberty, the *Mathews* balancing test applies here. The *Mathews* test determines whether an administrative procedure provides the process constitutionally due and weighs three factors: (1) the petitioner's private interest, (2) the risk of an erroneous deprivation, and (3) the Government's interest. *See Mathews*, 424 U.S. at 335. In *Rodriguez Diaz v. Garland*, the Ninth Circuit assumed without deciding that the *Mathews* test applies in "the immigration detention context." 53 F.4th 1189, 1206-07 (9th Cir. 2022). District courts in this Circuit have applied the *Mathews* test in similar circumstances since then. *See, e.g.*, *Torres v. Hermosillo*, No. C25-2687LK, 2026 WL 145715, at *6 (W.D. Wash. Jan. 20, 2026); *Sira-Hurtado v. Hermosillo*, No. C25-2173KKE, 2025 WL 3294986, at *2 (W.D. Wash. Nov. 26, 2025); *Pinchi v. Noem*, 792 F. Supp. 3d 1025, 1033 (N.D. Cal. 2025).

The court concludes that the *Mathews* test compels a finding that due process required the Government to provide Petitioner notice and an opportunity to respond *before* depriving him of his liberty. In so holding, the court adopts the Honorable Kymberly K. Evanson's reasoning in *E.A. T.-B. v. Wamsley*, 795 F. Supp. 3d 1316 (W.D. Wash. 2025) and finds that (1) Petitioner's interest in not being detained is "the most elemental of liberty interests[,]" (2) the risks of erroneous deprivation of liberty are high, and (3) the Government's interest in arresting and detaining a noncitizen without a hearing is low where the noncitizen was previously released. *Id.* at 1320-24 (citation

omitted). It is undisputed that the Government revoked Petitioner's OREC without notice or a pre-deprivation hearing. (*See generally* Return.) Therefore, the court concludes that the *Mathews* factors weigh in Petitioner's favor and her re-detention without notice or a pre-deprivation hearing violated his due process rights. *See also* *A.B.J.C. v. Hermosillo*, No. C26-0185JNW, 2026 WL 497097, at *2 (W.D. Wash. Feb. 23, 2026) (compiling cases in this District and elsewhere in which courts required the Government to provide due process to noncitizens before revoking supervised release and re-detaining them).

Finding that Petitioner is entitled to relief under the Fifth Amendment, the court will grant his habeas petition.

## IV. CONCLUSION

For the reasons above, the court GRANTS the amended petition for writ of habeas corpus (Dkt. # 1). The court ORDERS as follows:

(1) The Government is ORDERED to immediately release Petitioner from custody under the same conditions as his prior OREC.

(2) The Government is ORDERED to file, by no later than **48 hours** after the issuance of this order, an affidavit confirming that Petitioner has been released from custody.

Dated this 26th day of October, 2026.

JAMES L. ROBART
United States District Judge